25 F.3d 1059
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kenneth WITTRIG, Plaintiff-Appellant,
v.
CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Defendant-Appellee.
 No. 93-3213.
 United States Court of Appeals, Tenth Circuit.
 May 2, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before BALDOCK and McKAY, Circuit Judges, and BROWN,** District Judge.[2]
 
 
 2
 Appellant Kenneth Wittrig is permanently, totally disabled from a lower back problem. He sued his disability insurer, Connecticut General Life Insurance Co. (Connecticut General), in state court for lifetime disability benefits allegedly due under Wittrig's two disability insurance policies. Connecticut General removed the action to federal court. The district court found that Connecticut General does not owe Wittrig lifetime disability benefits and Wittrig now appeals. We exercise jurisdiction under 28 U.S.C. 1291 and affirm.
 
 
 3
 Both disability policies at issue provide that Connecticut General will pay disability benefits for two years for disability due to sickness, and disability benefits for a lifetime for disability due to injury. Further, the policies provide that certain disabilities will be deemed the result of sickness, rather than injury: "For purposes of this policy, a period of disability shall be deemed to result from sickness if it (a) results from injuries caused or contributed to by disease, or ... (d) results from injuries but commences more than ninety days after the date of accident." Appellant's App. at 4. Based on Wittrig's disability claim form, which represented that Wittrig's back condition was caused by a long-standing lumbosacral spinal condition, Connecticut General determined that Wittrig's condition was the result of a sickness, and, accordingly, paid Wittrig disability benefits for two years.
 
 
 4
 After Wittrig learned that Connecticut General would pay benefits for only two years, he informed his chiropractor, Dr. Rob Dotts, and Connecticut General that he injured his back when he fell at work on August 22, 1986. Wittrig explained that he had not mentioned the fall because he wanted to avoid filing a worker's compensation claim. Connecticut General, nevertheless, determined that Wittrig's disability, which commenced August 31, 1990, was caused by something other than an accidental bodily injury.
 
 
 5
 The parties agreed that Wittrig would be examined by an independent medical examiner, Dr. Robert L. Eyster. In Dr. Eyster's opinion, Wittrig's fall in 1986 aggravated a degenerative back condition that has afflicted Wittrig since the 1960s. The fall, Dr. Eyster opined, "contributes only about twenty-five percent of his overall back condition." Appellee's Supp.App. at9.
 
 
 6
 The district court held that under the plain and unambiguous terms of the insurance contract, Wittrig's disability must be deemed the result of sickness. Relying on Dr. Eyster's opinion, and Wittrig's admission that he sought chiropractic treatment for his back between 1972 and 1986, the district court found that Wittrig's preexisting back condition contributed to his disability. The court concluded that Wittrig's disability would, therefore, be deemed the result of sickness under subsection (a) of the provision that defines certain disabilities as sickness. Alternatively, the court reasoned that Wittrig's claim to lifetime benefits was barred by subsection (d), which specifies that all injury-related disabilities that commence more than ninety days from the injury will be deemed the result of sickness.
 
 
 7
 Wittrig argues on appeal that the insurance contracts are ambiguous because they do not adequately distinguish sickness from disease. He maintains that his disability should not be considered the result of disease because, under Kansas law,[3] if "an accidental injury aggravates or energizes a dormant disease or physical ailment the accident may be said to have been the proximate cause of the resulting disability within the terms and meaning of the ordinary accident insurance policy." Williams v. Benefit Trust Life Ins. Co., 434 P.2d 765, 768 (Kan.1967). Wittrig also disputes that the ninety-day limit in subsection (d) bars his claim to lifetime benefits. Wittrig argues that the district court should have treated his injury-related disability as occurring on the date of the injury, pursuant to the process of nature rule.
 
 
 8
 We review the district court's application of state law de novo. Salve Regina College v. Russell, 499 U.S. 225, 231 (1991). Interpretation of a contract is a matter of law for the court to decide. Spivey v. Safeco Ins. Co., 865 P.2d 182, 185 (Kan.1993). "Insurance policies are to be enforced as written so long as the terms do not conflict with pertinent statutes or public policy....A policy is not ambiguous ... unless there is genuine uncertainty as to which of two or more possible meanings is proper." Id.
 
 
 9
 We agree with the district court that the policies at issue are not ambiguous. Both policies plainly state that a disability "which results from injuries caused or contributed to by disease" will be deemed a disability from sickness. The evidence in the record fully supports the district court's conclusion that Wittrig's preexisting back condition contributed to his disability. We reject Wittrig's argument that under Williams, his disability should be deemed the result of injury. The Williams rule treats an injury as the cause of a disability when the injury aggravates an insured's dormant preexisting disease or condition. Williams, 434 P.2d at 768. Here, in contrast, Wittrig's preexisting back condition was found to be active, rather than dormant, at the time of his injury in 1986. We cannot conclude from the sparse evidence included in the record on appeal that the district court clearly erred in that determination.
 
 
 10
 We hold that the district court correctly determined that Wittrig's disability must be deemed the result of sickness under subsection (a) of the relevant policy provision. We, therefore, need not consider whether Wittrig's claim for lifetime benefits is also barred under subsection (d).
 
 
 11
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [3]
 The parties agree that Kansas law governs